UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HAALAND, *et al.*,<br><br>　　　　Defendants. | )<br>)　Case No: 1:20-cv-00573-EGS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**STIPULATED SETTLEMENT AGREEMENT REGARDING DIXIE VALLEY TOAD**

　　This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiff CENTER FOR BIOLOGICAL DIVERSITY, and Defendants DEBRA HAALAND, in her official capacity as Secretary of the United States Department of the Interior, and MARTHA WILLIAMS, in her official capacity as Director of the U.S. Fish and Wildlife Service (collectively, "the parties"). In support of this Agreement, the parties, by and through their undersigned counsel, state as follows:

　　WHEREAS, on September 18, 2017, the U.S. Fish and Wildlife Service ("Service") received a petition from the Center requesting that the Service list the Dixie Valley toad (*Anaxyrus williamsi*) as an endangered or threatened species pursuant to the Endangered Species Act ("ESA"), 16 U.S.C. § 1533(b)(3)(A);

　　WHEREAS, on June 27, 2018, the Service made a positive 90-day finding that the petition presented substantial scientific or commercial information indicating that listing the Dixie Valley toad as endangered or threatened may be warranted. Notice of Petition Findings and Initiation of Status Reviews, 83 Fed. Reg. 30,091, 30,093 (June 27, 2018);

1

WHEREAS, on February 27, 2020, Plaintiff filed a complaint for declaratory and injunctive relief alleging (amongst other claims) that Defendants had violated the ESA by failing to issue a 12-month finding for the Dixie Valley toad within the timeframe outlined in 16 U.S.C. § 1533(b)(3)(B);

WHEREAS, for any proposed regulation published in the Federal Register to list the Dixie Valley toad after issuing the 12-month finding required by paragraph 1 of this Agreement, the Service intends to make a final listing determination in accordance with the statutory deadlines provided in 16 U.S.C. § 1533(b)(6)(A)-(B);

WHEREAS, the Center believes that the Dixie Valley toad is imminently threatened by the Dixie Meadows Geothermal Utilization Project because it will, if constructed, irreparably alter the Dixie Valley toad's sole habitat and threaten the Dixie Valley toad with extinction;

WHEREAS, the parties, by and through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiff's claim that the Service failed to issue a 12-month finding for the Dixie Valley toad within the timeframe outlined in 16 U.S.C. § 1533(b)(3)(B), have reached a settlement that they consider to be just, fair, adequate, and equitable;

THEREFORE, the parties hereby stipulate and agree as follows:

1. On or before April 4, 2022, the Service shall review the status of the Dixie Valley toad and submit to the Federal Register a 12-month finding as to whether the listing of the Dixie Valley toad as threatened or endangered is (a) not warranted; (b) warranted; or (c) warranted but precluded by other pending proposals, pursuant to 16 U.S.C. § 1533(b)(3)(B).

2. The order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation

between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court.  In the event that either party seeks to modify the terms of this Agreement, including the deadlines specified in paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim.  The parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time, and in any case within two business days, in a good-faith effort to resolve the claim before seeking relief from the Court.  If the parties are unable to meet and confer or resolve the claim themselves, either party may seek relief from the Court.

3.  In the event that Defendants fail to meet a deadline specified in paragraph 1 and have not sought to modify it, Plaintiff's first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above.  This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

4.  This Agreement requires only that the Service take the actions specified in paragraph 1.  No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural.  Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any determination required herein.  To challenge any final determination issued in accordance

with this Agreement, Plaintiff will be required to file a separate action, and Defendants reserve the right to raise any applicable claims or defenses in response thereto.

      5.      No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting.  No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for making determinations regarding the listing of or designation of critical habitat for any species.

      6.      Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party.  Except as expressly provided in this Agreement, the parties do not waive or relinquish any legal rights, claims, or defenses they may have.  This Agreement is executed for the purpose of settling Plaintiff's claim that the Service failed to issue a timely 12-month finding for the Dixie Valley toad in accordance with 16 U.S.C. § 1533(b)(3)(B), Complaint, ¶¶ 191–195, and nothing herein shall be construed as precedent having preclusive effect in any other context.

      7.      Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

      8.      The parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims disputed by the parties.  By entering into this Agreement, the parties do not waive any legal rights, claims, or defenses, except as expressly stated herein.  This

Agreement contains all of the terms of agreement between the parties concerning Plaintiff's claim that the Service failed to issue a timely 12-month finding for the Dixie Valley toad in accordance with 16 U.S.C. § 1533(b)(3)(B), Complaint, ¶¶ 191–195, and is intended to be the final and sole agreement between the parties with respect thereto.  The parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

9. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein.  Further, each party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

10. The terms of this Agreement shall become effective upon entry of an order by the Court approving the Agreement.

11. Upon approval of this Agreement by the Court, Plaintiff's claim regarding the Dixie Valley toad shall be dismissed with prejudice.  Notwithstanding the dismissal of Plaintiff's claim, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated:  February 22, 2022                                         Respectfully submitted,

| | |
|---|---|
| */s/ Ryan Adair Shannon* | TODD KIM |
| RYAN ADAIR SHANNON | Assistant Attorney General |
| (D.C. Bar No. OR0007) | SETH M. BARSKY |
| Center for Biological Diversity | Section Chief |
| P.O. Box 11374 | MEREDITH L. FLAX |

Portland, OR 97211  
Tel: (917) 717-6407  
E-mail: rshannon@biologicaldiversity.org

*Attorney for Plaintiff*

Assistant Section Chief

*/s/ H. Hubert Yang*  
H. HUBERT YANG  
Senior Trial Attorney (DC Bar No. 491308)  
United States Department of Justice  
Environment & Natural Resources Division  
Wildlife & Marine Resources Section  
Ben Franklin Station  
P.O. Box 7611  
Washington, DC 20044-7611  
Tel: (202) 305-0209  
Fax: (202) 305-0275  
E-mail: hubert.yang@usdoj.gov

*Attorneys for Defendants*