**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-01045-EGS |
| | ) | |
| UNITED STATES FISH AND WILDLIFE SERVICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**STIPULATED SETTLEMENT AGREEMENT**

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiff Center for Biological Diversity ("Center") and Defendants United States Fish and Wildlife Service ("FWS"); Debra Haaland, in her official capacity as Secretary of the United States Department of Interior; and Martha Williams, in her official capacity as Director of FWS, (collectively, "Defendants"), who, by and through their undersigned counsel, state as follows:

WHEREAS, on January 6, 2021, Plaintiff sent a letter to Defendants stating its intent to file suit under the Endangered Species Act ("ESA") to compel FWS to designate critical habitat for the Big Pine partridge pea (*Chamaecrista lineata var. keyensis*), Blodgett's silverbush (*Argythamnia blodgettii*), Everglades bully (*Sideroxylon reclinatum ssp. austrofloridense*), Florida prairie-clover (*Dalea carthagenensis var. floridana*), Florida pineland crabgrass (*Digitaria pauciflora*), pineland sandmat (*Chamaesyce deltoidea ssp. pinetorum*), sand flax (*Linum arenicola*), and wedge spurge (*Chamaesyce deltoidea ssp. serpyllum*);

WHEREAS, on January 7, 2021, Plaintiff sent a letter to Defendants stating its intent to file suit under the ESA to compel FWS to complete "12-month findings," in accordance with 16

U.S.C. § 1533(b)(3)(B), for the Bethany Beach firefly (*Photuris bethaniensis*), Gulf Coast solitary bee (*Hesperapis oraria*), Las Vegas bearpoppy (*Arctomecon californica*), and Mojave poppy bee (*Perdita meconis*), and to issue a final listing determination for the Franklin's bumble bee (*Bombus franklini*);

WHEREAS, on January 12, 2021, Plaintiff sent a letter to Defendants stating its intent to file suit under the ESA to compel FWS to designate critical habitat for the Suwannee moccasinshell (*Medionidus walkeri*);

WHEREAS, on January 15, 2021, Plaintiff sent a letter to Defendants stating its intent to file suit under the ESA to compel FWS to complete final listing determinations for the Bartram's stonecrop (*Graptopetalum bartramii*), beardless chinchweed (*Pectis imberbis*), Hermes copper butterfly (*Lycaena hermes*), and the Sierra Nevada Distinct Population Segment ("DPS") of the Sierra Nevada red fox (*Vulpes vulpes necator*), and to issue final critical habitat designations for the beardless chinchweed and Hermes copper butterfly;

WHEREAS, on January 19, 2021, Plaintiff sent a letter to Defendants stating its intent to file suit under the ESA to compel FWS to designate critical habitat for the pearl darter (*Percina aurora*);

WHEREAS, on March 4, 2021, FWS responded to Plaintiff's January 6, 2021, letter, and January 7, 2021, letter, and provided an update regarding the agency's expected timeline for the completion of actions for the Bethany Beach firefly, Big Pine partridge pea, Blodgett's silverbush, Everglades bully, Florida pineland crabgrass, Florida prairie-clover, Franklin's bumble bee, Gulf Coast solitary bee, Las Vegas bearpoppy, Mojave poppy bee, pineland sandmat, sand flax, Suwannee moccasinshell, and wedge spurge;

WHEREAS, on March 12, 2021, FWS responded to Plaintiff's January 15, 2021, letter, and January 19, 2021, letter, and provided an update regarding the agency's expected timeline for the completion of actions for the Bartram's stonecrop, beardless chinchweed, Hermes copper butterfly, pearl darter, and Sierra Nevada DPS of the Sierra Nevada red fox;

WHEREAS, on April 15, 2021, Plaintiff filed a complaint in the above-captioned action to compel FWS to complete actions by dates certain with respect to the 19 species identified above, *see* Docket ("Dkt.") 1 ("Complaint");

WHEREAS, on June 15, 2021, FWS issued a final rule listing the beardless chinchweed as an endangered species and designating critical habitat for the species, *see* 86 Fed. Reg. 31,830 (June 15, 2021);

WHEREAS, on July 1, 2021, FWS issued a final rule designating critical habitat for the Suwannee moccasinshell, *see* 86 Fed. Reg. 34,979 (July 1, 2021);

WHEREAS, on July 13, 2021, FWS issued a proposed rule to designate critical habitat for the pearl darter, *see* 86 Fed. Reg. 36,678 (July 13, 2021);

WHEREAS, on August 3, 2021, FWS issued a final rule listing the Sierra Nevada DPS of the Sierra Nevada red fox as an endangered species, *see* 86 Fed. Reg. 41,743 (Aug. 3, 2021);

WHEREAS, on August 24, 2021, FWS issued a final rule listing the Franklin's bumble bee as an endangered species, *see* 86 Fed. Reg. 47,221 (Aug. 24, 2021);

WHEREAS, on August 31, 2021, FWS issued a final rule listing the Bartram's stonecrop as a threatened species, *see* 86 Fed. Reg. 48,545 (Aug. 31, 2021);

WHEREAS, on December 21, 2021, FWS issued a final rule listing the Hermes copper butterfly as a threatened species and designating critical habitat for the species, *see* 86 Fed. Reg. 72,394 (Dec. 21, 2021);

WHEREAS, as a result of the post-Complaint actions undertaken by FWS, Defendants contend that Plaintiff's claims as to seven species (Bartram's stonecrop, beardless chinchweed, Franklin's bumble bee, Hermes copper butterfly, pearl darter, Sierra Nevada DPS of the Sierra Nevada red fox, and Suwannee moccasinshell) are moot;

WHEREAS, the parties, by and through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiff's claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's Complaint;

WHEREAS, the parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

1.     On or before the following dates, FWS shall review the status of the following species and submit to the Federal Register 12-month findings as to whether the listing of these species as threatened or endangered is (a) not warranted; (b) warranted; or (c) warranted but precluded by other pending proposals, pursuant to 16 U.S.C. § 1533(b)(3)(B):

      a.     Bethany Beach firefly and Las Vegas bearpoppy by September 30, 2024.

      b.     Mojave poppy bee by September 30, 2026.

2.     On or before the following dates, FWS shall submit to the Federal Register proposed determinations concerning the designation of critical habitat for the following species, pursuant to 16 U.S.C. § 1533(a)(3)(A):

      a.     Big Pine partridge pea, Blodgett's silverbush, Everglades bully, Florida pineland crabgrass, Florida prairie-clover, pineland sandmat, sand flax, and wedge spurge by September 30, 2022.

3.      Plaintiff's claims with respect to the Bartram's stonecrop, beardless chinchweed, Franklin's bumble bee, Gulf Coast solitary bee, Hermes copper butterfly, pearl darter, Sierra Nevada DPS of the Sierra Nevada red fox, and Suwannee moccasinshell shall be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii);

4.      The order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court.  In the event that either party seeks to modify the terms of this Agreement, including the deadlines specified in paragraphs 1-2, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim.  The parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court.  If the parties are unable to resolve the claim themselves, either party may seek relief from the Court.

5.      In the event that Defendants fail to meet a deadline specified in paragraphs 1-2 and have not sought to modify it, Plaintiff's first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above.  This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

6.      With respect to Defendants, this Agreement requires only that FWS take the actions specified in paragraphs 1-2.  No provision of this Agreement shall be interpreted as, or

constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural.  Nothing in this Agreement shall be construed to limit or modify the discretion accorded to FWS by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any determination required herein.  To challenge any final determination issued in accordance with this Agreement, Plaintiff will be required to file a separate action, and Defendants reserve the right to raise any applicable claims or defenses in response thereto.

7.      No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting.  No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for making determinations regarding the listing of or designation of critical habitat for any species.

8.      Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party.  Except as expressly provided in this Agreement, the parties do not waive or relinquish any legal rights, claims, or defenses they may have.  This Agreement is executed for the purpose of settling Plaintiff's Complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

9.      Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take

any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

10.    The parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims disputed by the parties.  By entering into this Agreement, the parties do not waive any legal rights, claims, or defenses, except as expressly stated herein.  This Agreement contains all of the terms of agreement between the parties concerning Plaintiff's Complaint, and is intended to be the final and sole agreement between the parties with respect thereto.  The parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

11.    The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein.  Further, each party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

12.    The terms of this Agreement shall become effective upon entry of an order by the Court approving the Agreement.

13.    Plaintiff reserves its right to request attorneys' fees and costs from Defendants, and Defendants reserve their right to contest Plaintiff's entitlement to recover fees and the amount of any such fees and do not waive any objection or defenses they may have to Plaintiff's request.  Plaintiff requests that it be given 90 days from this Court's approval of this Agreement

to file a potential motion for costs and attorneys' fees pursuant to F.R.C.P. 54(d) so that it may

seek to resolve this issue with Defendants without this Court's further involvement.

14.     Upon approval of this Agreement by the Court, all counts of Plaintiff's Complaint

shall be dismissed with prejudice.  Notwithstanding the dismissal of this action, however, the

parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee

compliance with the terms of this Agreement and to resolve any motions to modify such terms.

*See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated:  April 26, 2022                                    Respectfully submitted,

*/s/ Camila Cossio*                                        TODD KIM
CAMILA COSSIO                                          Assistant Attorney General
AMY R. ATWOOD                                         SETH M. BARSKY
Center for Biological Diversity                          Section Chief
P.O. Box 11374                                            MEREDITH L. FLAX
Portland, OR 97211-0374                                Assistant Section Chief
Tel: (971) 717-6427 (Cossio)
Tel: (971) 717-6401 (Atwood)                         */s/ H. Hubert Yang*
Fax: (503) 283-5528                                     H. HUBERT YANG (DC Bar No. 491308)
E-mail: ccossio@biologicaldiversity.org            Senior Trial Attorney
E-mail: atwood@biologicaldiversity.org            United States Department of Justice
                                                              Environment & Natural Resources Division
*Attorneys for Plaintiff*                                Wildlife & Marine Resources Section
                                                              P.O. Box 7611
                                                              Washington, DC 20044-7611
                                                              Tel: (202) 305-0210
                                                              Fax: (202) 305-0275
                                                              E-mail: hubert.yang@usdoj.gov

                                                              *Attorneys for Defendants*